IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3004-FL

| | |
|---|---|
| BRANDON MICHAEL PICKENS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE T. SOLOMON, J.C. )<br>HUGGINS, JAMES McRAE, ALTHEA )<br>MADDOX, W. BULLARD, TERRESA )<br>ATWATER, SAMANTHA BRITT, and )<br>DAVID HUNT, )<br>)<br>Defendants.[1] ) | ORDER |

This matter is before the court on defendant Terresa Atwater's motion for summary judgment limited to failure to exhaust administrative remedies and motion to dismiss (DE 35). Plaintiff did not respond to the motion. In this posture, the issues raised are ripe for adjudication.

**STATEMENT OF THE CASE**

On January 5, 2017, plaintiff, a state inmate, filed this civil rights action pro se pursuant to 42 U.S.C. § 1983 alleging that defendant Hunt subjected him to sexual harassment, defendants Britt and Atwater failed to adequately respond to his mental health issues, and the remaining defendants failed to investigate his grievances about the sexual harassment. On June 22, 2017, the court conducted a frivolity review of plaintiff's action pursuant to 28 U.S.C. § 1915 and allowed plaintiff's action to proceed.

---

[1] The court has constructively amended the caption to reflect the correct spelling of defendant Atwater's first name. (See Mot. Summ. J. (DE 35) at 1). The clerk of court is DIRECTED to modify the case caption on the docket to reflect the correct spelling of defendant Atwater's first name.

On January 22, 2018, defendant Atwater filed a motion for summary judgment arguing that plaintiff failed to exhaust his administrative remedies pursuant to 28 U.S.C. § 1997e(a). Alternatively, defendant Atwater seeks dismissal of plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff's allegations against defendant Atwater fail to state a claim for deliberate indifference to serious medical needs. In support, defendant Atwater submitted a Statement of Material Facts and an Appendix, which included affidavits from Finesse G. Couch and Jodi Harrison, and copies of twenty-six grievances plaintiff submitted to the Inmate Grievance Resolution Board between January 7, 2014, and January 5, 2017. Also on January 22, 2018, the court sent plaintiff notice of the instant motion pursuant Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The notice provided plaintiff's deadline for responding to the motion, and stated:

> you cannot rely only on the complaint or other pleadings to defeat a motion for summary judgment, if the defendants properly meet their burden under [Federal Rule of Civil Procedure 56]. Instead, you must respond to the motion with affidavits (written statements signed before a notary public and under oath), declarations (written statements bearing a certificate that the statement is signed under penalty of perjury), deposition transcripts, discovery responses, sworn statements . . . or other evidence.

(Roseboro Letter (Jan. 22, 2018) (DE 41) at 1). Despite this notice, plaintiff did not respond to the instant motion.

On January 29, 2018, the court entered an initial order regarding case scheduling, and provided the parties twenty-one days to file objections to the proposed schedule contained therein. Defendant Atwater timely filed an objection and requested that the court stay discovery while the instant motion for summary judgment/motion to dismiss was pending. On February 28, 2018, the court stayed discovery and other case scheduling deadlines as to defendant Atwater pending

2

resolution of the instant motion, and entered a case management order governing discovery and dispositive motion practice applicable to the remaining defendants.

## STATEMENT OF THE FACTS

In the light most favorable to plaintiff, the facts relevant to the instant motion are as follows. Plaintiff alleges that he was placed in administrative segregation for 70 days beginning on January 7, 2014. (Compl. (DE 1) at 6). Plaintiff alleges that defendant Hunt continuously sexually harassed him while he was in administrative segregation. (See id.) At one of his mental health appointments, plaintiff reported the sexual harassment to defendants Atwater and Britt. (Id.) In response, defendant Atwater allegedly accused plaintiff of lying about the harassment so that he could receive a transfer. (Id.) Plaintiff then reported the sexual harassment to defendant Bullard, who attempted to "coerce" plaintiff into not filing a formal grievance because plaintiff would be subject to disciplinary charges if prison officials determined the allegations were false. (Id. at 6-7). Plaintiff then submitted "confidential" grievances to defendants Huggins and Solomon, who both failed to "process" the grievances through the prison's administrative remedy procedure. (Id. at 7).

As noted, plaintiff submitted at least twenty-six grievances to prison officials between January 7, 2014, and January 5, 2017, and pursued all of them to the final "step 3" procedure – presentation to the Inmate Grievance Resolution Board.[2] (See App. I (DE 39) & App. II (DE 40)). None of the grievances plaintiff submitted to the Inmate Grievance Resolution Board during that time frame alleged defendant Atwater (or any other prison official) was deliberately indifferent to

---

[2]The North Carolina Department of Public Safety provides a three-step administrative remedy procedure for resolution of inmate grievances, and the final step is appeal to the Inmate Grievance Resolution Board. See N.C. Dep't Pub. Safety, Policy and Procedures, Ch. G, §§ .0300 et seq., available at http://www.doc.state.nc.us/dop/policy_procedure_manual/g300.pdf [https://perma.cc/58JW-JRNW].

3

plaintiff's medical needs by failing to adequately treat mental health issues caused by the alleged sexual harassment. (See id.)

## DISCUSSION

A. Motion for Summary Judgment

   1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party cannot "resist [the motion] by reference only to its pleadings" but must set forth "specific facts showing that there is a *genuine issue for trial*." Id. at 325; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Thus, "once [a] motion for summary judgment is properly made and supported, [the nonmoving party] bears [the] burden of showing, by means of affidavits or other verified evidence, that [a] genuine dispute of material fact exists[.]" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

   2. Analysis

Defendant Atwater argues she is entitled to summary judgment because plaintiff failed to exhaust administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"). Title 42 U.S.C. § 1997e(a) of the PLRA states that "[n]o action shall be brought with respect to prison

4

conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Thus, the PLRA requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1856 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."); Woodford v. Ngo, 548 U.S. at 83-85; see Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under the PLRA"). Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 740-41 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

In Ross, the Supreme Court emphasized the PLRA's "mandatory language" concerning exhaustion. Ross, 136 S. Ct. at 1856–57 (stating that "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion"). Nevertheless, the Court identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Id. at 1859. First, an administrative remedy may be unavailable when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. Second, a remedy might be "so opaque that it becomes, practically speaking, incapable of use" because "no ordinary prisoner can discern or navigate it . . . [or] make sense of what it demands." Id. (citations omitted). Third, an administrative remedy may be unavailable "when prison administrators thwart inmates from taking

5

advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860.

Here, defendant Atwater submitted verified evidence that plaintiff failed to exhaust administrative remedies as to his claims against defendant Atwater. (See App. I (DE 39) & App. II (DE 40)). Although plaintiff pursued twenty-six grievances to the Inmate Grievance Resolution Board between the time he was placed in administrative segregation and the date he filed suit, none of those grievances mention defendant Atwater or raise concerns about mental health treatment related to alleged sexual harassment. (See id.) Because plaintiff failed to exhaust administrative remedies related to his claims against defendant Atwater, he is barred from bringing such claims in federal court, unless he can show that the administrative remedy procedure was not available to him. Ross, 136 S. Ct. at 1856, 1859-60; Graham v. Gentry, 413 F. App'x. 660, 663 (4th Cir. 2011) (plaintiff bears the burden of showing administrative remedies were not available). Thus, defendant Atwater has met her initial burden of showing that she is entitled to summary judgment on plaintiff's claims.[3] See Celotex Corp., 477 U.S. at 323.

Despite notice of the motion for summary judgment and specific instructions about the type of evidence necessary to properly respond to the motion (see Roseboro Letter (Jan. 22, 2018) (DE 41)), plaintiff failed to file any response. Plaintiff's complaint states that he attempted to pursue an administrative grievance about the sexual harassment, but defendants Huggins and Solomon "failed

---

[3]Defendant Atwater is not required to adduce evidence at summary judgment negating plaintiff's claim that defendants prevented him from pursuing grievances about the alleged sexual harassment, because plaintiff bears the burden of proof on that issue. See Celotex, 477 U.S. at 323 ("[W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar evidence *negating* the opponent's claim."); Graham, 413 F. App'x at 663. But even assuming defendant Atwater has the burden of proof on that issue, she has submitted uncontroverted evidence that plaintiff exhausted twenty-six grievances during the relevant time period, which suggests the administrative remedy procedure was available to plaintiff.

to process" his grievances. (Compl. (DE 1) at 7). By this allegation, plaintiff suggests prison officials prevented him from filing formal grievances about the alleged sexual harassment, which if true could excuse plaintiff's failure to exhaust. See Ross, 136 S. Ct. at 1860. But as set forth above, plaintiff may not rely on the allegations contained in his pleadings when responding to a motion for summary judgment. Celotex Corp., 477 U.S. at 325; see also Fed. R. Civ. P. 56(c). Instead, he must oppose summary judgment by submitting "verified evidence"[4] in the form of affidavits, declarations, deposition testimony, or other statements signed under penalty of perjury showing a genuine dispute of material fact. See Fed. R. Civ. P. 56(c); Bouchat, 346 F.3d at 522. Plaintiff has not submitted such evidence or otherwise responded to defendant Atwater's motion for summary judgment. Thus, defendant Atwater's motion for summary judgment is GRANTED.

In addition, even assuming plaintiff's complaint could constitute competent summary judgment evidence, plaintiff's conclusory assertions that defendants failed to process his grievance, without more, are not sufficient to withstand summary judgment. Although the Fourth Circuit has not specifically addressed this issue, courts typically find that conclusory assertions that a grievance was lost or destroyed, particularly where defendant produces evidence that prison officials appropriately responded to numerous other grievances filed by plaintiff, cannot defeat a properly-supported motion for summary judgment. See, e.g., Al Mujahidin v. Harouff, No. 9:11-2964-MGL, 2013 WL 4500446, at *7 (D.S.C. Aug. 21, 2013) ("[W]hile plaintiff states in his Complaint and memorandum opposing summary judgment that the Defendants 'destroyed' or refused to process

---

[4]Plaintiff's complaint is not verified because it contains no statement indicating the factual allegations therein are true and correct based on plaintiff's personal knowledge and it is not signed under penalty of perjury. See World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co., 783 F.3d 507, 516 (4th Cir. 2015). Thus, the complaint cannot serve as an opposing affidavit for purposes of ruling on defendant's motion for summary judgment. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

7

his grievances, the documentary evidence does not support this allegation (and indeed reflects that the Department of Corrections has an extensive history of dealing with multiple grievances filed by the Plaintiff over the course of his incarceration)."); Stohl v. E. Reg'l Jail, No. 1:14CV109, 2015 WL 5304135, at *7 (N.D.W. Va. Sep. 8, 2015) (refusing to credit conclusory allegation that grievances were discarded where such allegation "not only is unsupported by any of the evidence in the record, but is belied" by documentary evidence showing plaintiff successfully filed other grievances during the same time period); cf. Erwin v. United States, 591 F.3d 313, 319 (4th Cir. 2010) (nonmoving party "cannot create a material fact by reliance on conclusory allegations or bare denials"); Hill v. Haynes, 380 F. App'x 268, 273 (4th Cir. 2010) (finding genuine issues of material fact where plaintiff provided specific and detailed allegations regarding defendants' hindering his ability exhaust). Thus, defendant Atwater is entitled to summary judgment even if plaintiff's complaint was verified.

When an inmate files suit before exhausting administrative remedies, the dismissal generally should be without prejudice. See Germain v. Shearin, 653 F. App'x 231, 234-35 (4th Cir. 2016); see also Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."). Accordingly, plaintiff's claims against defendant Atwater are DISMISSED without prejudice. A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative remedy procedure and then file a new suit, if the prisoner so chooses.

## CONCLUSION

Defendant Atwater's motion for summary judgment (DE 35) is GRANTED, and plaintiff's claims against defendant Atwater are DISMISSED without prejudice.

SO ORDERED, this the 11th day of May, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge